Estate of Robert I. GALE, deceased, Robert I. Gale, Jr., Executor, Guy W. Waters and Edgar H. Vogel, Petitioners,

v.

UNITED STATES of America, Respondent.

No. 11906.

United States Court of Appeals, District of Columbia Circuit.

Argued April 14, 1954.

Decided March 31, 1955.

Petition for Rehearing Denied April 26, 1955.

Miller, Circuit Judge, dissented.

Mr. Chisman Hanes, Washington, D. C., with whom Messrs. Hans A. Klagsbrunn, Robert A. Irwin, and Michael A. Schuchat, Washington, D. C., were on the brief, for petitioners.

Mr. Melvin Richter, Dept. of Justice, of the bar of the Supreme Judicial Court of Massachusetts, pro hac vice, by spe-

cial leave of Court, with whom Messrs. Paul A. Sweeney and Ralph G. Cornell, Dept. of Justice, were on the brief, for respondent.

Mr. John G. Laughlin, Jr., Dept. of Justice, entered an appearance for respondent.

Before EDGERTON, WILBUR K. MILLER, and BAZELON, Circuit Judges.

PER CURIAM.

■ This is a petition for review of a decision of the Tax Court of the United States. In a proceeding brought by petitioners against the War Contracts Price Adjustment Board, the Tax Court found (1) that petitioners realized profits for 1943 from a renegotiable contract and (2) that these profits were excessive to the extent of $225,000. After this case was heard by our court it remained undecided because of the pendency of United States v. California Eastern Line, Inc., 75 S.Ct. 419, 421. In that case the Supreme Court has now said: "In making determinations as to excess profits the Tax Court must decide at least two separate but interrelated questions: (1) whether a renegotiable contract is involved and (2) the amount if any of excessive profits. * * * The language and history of the Renegotiation Act [50 U.S.C.A.Appendix, § 1191] make it pretty clear that the Tax Court was selected to handle excess profits cases because of that Court's special familiarity with all kinds of business and accounting practices in regard to profits, losses, etc. Thus it is easy to understand why Congress in § 403(e) (1) spelled out with meticulous clarity that Tax Court determinations of the amount of excessive profits, if any, should be final and nonreviewable." The Supreme Court held that the Tax Court's determination of the question "(1) whether a renegotiable contract is involved" was reviewable. There the Tax Court had answered this question in the negative, but we think the rule applies to this case in which the Tax Court answered the question in the affirmative.

■ For the reasons the Tax Court gave in its opinion, 19 T.C. 1107, we affirm its decision that a renegotiable contract is involved.

Affirmed.

WILBUR K. MILLER, Circuit Judge, dissents.